IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

ANGELA GONZALEZ,

     Plaintiff,

v.                                      Civil Action No. 3:23cv831

EQUIFAX INFORMATION SERVICES,
LLC, <u>et</u> <u>al.</u>,

     Defendants.

**MEMORANDUM OPINION**

This matter is before the Court on PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT (ECF No. 47); PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF HER MOTION FOR PARTIAL SUMMARY JUDGMENT (ECF No. 48); DEFENDANT TRANS UNION LLC'S RULE 56(d) MOTION IN RESPONSE TO PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT (ECF No. 59); DEFENDANT TRANS UNION LLC'S BRIEF IN SUPPORT OF ITS RULE 56(d) MOTION (ECF No. 60); MARINER FINANCE, LLC'S MOTION PURSUANT TO FED. R. CIV. P. 56(D) IN RESPONSE TO PLAINTIFF'S PARTIAL MOTION FOR SUMMARY JUDGMENT (ECF No. 61); MARINER FINANCE, LLC'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION PURSUANT TO FED. R. CIV. P. 56(D) IN RESPONSE TO PLAINTIFF'S PARTIAL MOTION FOR SUMMARY JUDGMENT (ECF No. 62); PLAINTIFF'S REPLY MEMORANDUM IN SUPPORT OF HER MOTION FOR PARTIAL SUMMARY JUDGMENT (71); MARINER FINANCE, LLC'S MEMORANDUM OF LAW IN RESPONSE TO PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT (ECF No. 93); DEFENDANT TRANS UNION LLC'S

RESPONSE TO PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT (ECF No. 94); and PLAINTIFF'S (SECOND) REPLY MEMORANDUM IN SUPPORT OF HER MOTION FOR PARTIAL SUMMARY JUDGMENT – CORRECTED (ECF No. 105). For the reasons set forth below, the PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT (ECF No. 47) will be granted.

## BACKGROUND

Angela Gonzalez initiated this action against four defendants, Equifax Information Services, LLC ("Equifax"), Experian Information Solutions, Inc. ("Experian"), Trans Union, LLC ("Trans Union"), and Mariner Finance, LLC ("Mariner"). Equifax and Experian both settled the claims brought by Gonzalez. (ECF Nos. 57, 58, 73, and 74).

The Complaint asserts five claims. Counts I and II were asserted claims against Equifax, Experian, and Trans Union. Counts III, IV, and V asserted claims against Mariner. By virtue of the settlements, Counts I and II now relate only to Trans Union.

Count I alleges that Trans Union violated 15 U.S.C. § 1681e(b) "by failing to establish and/or to follow reasonable procedures to assure maximum possible accuracy in the preparation of Plaintiff's credit reports and credit files they published and maintained concerning Plaintiff when they reported the inaccurate account information from Mariner and Synchrony." (Compl., ECF No. 1, ¶

2

130). Count II alleges that Trans Union violated 15 U.S.C. §
1681i(a)(1) by "failing to conduct a reasonable reinvestigation to
determine whether the disputed information was inaccurate and
record the current status of the disputed information or delete
the item from each of Plaintiff's credit files." (Compl., ECF No.
1, ¶ 137).

Count III alleges that Mariner violated 15 U.S.C. § 1681s-
2(b)(1)(A) "by failing to fully conduct a reasonable
reinvestigation of Plaintiff's disputes after her disputes were
furnished directly to it by Equifax, Experian, and Trans Union."
(Compl., ECF No. 1, ¶ 147). Count IV alleges that Mariner violated
15 U.S.C. § 1681s-2(b)(1)(C)(D) and (E) "by publishing the
inaccuracies within Plaintiff's credit files with Equifax,
Experian, and Trans Union without also including a notation that
these debts were disputed and by failing to correctly report
results of an accurate reinvestigation to Equifax, Experian, and
Trans Union." (Compl., ECF No. 1, ¶ 153). Count V alleges that
Mariner violated 15 U.S.C. § 1681(b)(f) "by unlawfully obtaining
Plaintiff's consumer reports without Plaintiff's written
authorization or a permissible purpose." (Compl., ECF No. 1, ¶
162).

In her Motion for Partial Summary Judgment, Gonzalez "seeks
an Order determining a critical element of her claims against the

Defendants on summary judgment, specifically: Defendants' reporting of the Mariner account in her credit reports is objectively inaccurate." (PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF HER MOTION FOR PARTIAL SUMMARY JUDGMENT, ECF No. 48).

Central to the ability to recover under each count at issue is the ability of Gonzalez to prove that she was not the "applicant, user, or authorizer" of the Mariner account. On that point, Gonzalez alleged in the Complaint that she "did not open the Mariner and Synchrony accounts, nor did she authorize anyone to open the Mariner and Synchrony accounts on her behalf. (Compl., ECF No. 1, ¶ 42). In their Answers, both Trans Union and Mariner denied knowledge sufficient to form a belief as to the truth of that allegation. (DEFENDANT TRANS UNION LLC'S ANSWER AND DEFENSES TO PLAINTIFF'S COMPLAINT, ECF No. 25, ¶ 42; ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANT MARINER FINANCE, LLC, ECF No. 23, ¶ 42). Further, each party has served Rule 26(a)(1) disclosures and neither Trans Union nor Mariner has identified any witness with knowledge as to the opening or use of the account by Gonzalez. And Plaintiff has filed a declaration that she did not open, use, or authorize anyone to open and use the Mariner account.

Further, it appears that neither Trans Union nor Mariner has produced or identified any document that supports the claim that Gonzalez opened, used or authorized the use of the Marnier account.

4

Moreover, both Trans Union and Mariner have now admitted that Gonzalez did not open the Mariner account and that the reporting was not accurate.[1] In other words, the record discloses no evidence to refute Gonzalez' sworn statement establishing that the reporting of the Mariner account was not accurate.

## APPLICABLE LEGAL STANDARDS

Under Rule 56, "[a] party may move for summary judgment, identifying each claim or defense-or the part of each claim or defense-on which summary judgment is sought." The rule also provides that "[t]he Court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Id. Rule 56(c) provides the applicable procedures for securing summary judgment, whether complete or partial. In particular, the rule provides that:

> **(c)** **Procedures.**
>
> (1) **Supporting Factual Positions.** A party asserting that a fact cannot be or is genuinely disputed must support the assertion by:

---

[1] MARINER FINANCE, LLC'S MEMORANDUM OF LAW IN RESPONSE TO PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT (ECF No. 93, p. 2); DEFENDANT TRANS UNION LLC'S RESPONSE TO PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT (ECF No. 94, p. 4).

> **(A)** citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or
>
> **(B)** showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the face.

Gonzalez has established the material fact that she did not open, use or authorize the use of the Mariner account at issue by filing her own declaration, and relying on the pleadings filed by Trans Union and Mariner and certain documents that were produced in the case, some of which were produced by Trans Union and Mariner.   At this juncture then, it is up to Trans Union and Mariner to present evidence that demonstrates that there exists a genuine dispute of a material fact.

In their original responses to the Motion for Partial Summary Judgment, Trans Union and Mariner sought refuge in Fed. R. Civ. P. 56(d) (ECF Nos. 59, 60, 61, and 62).   In particular, both Trans Union and Mariner contended in those filings that summary judgment was premature and that it was necessary to conduct discovery before summary judgment could be entertained.

On June 4, 2024 (ECF No. 78), the Court found that the reasons underlying the requests for proceeding pursuant to Fed. R. Civ. P.

56(d) no longer existed and ordered Mariner and Trans Union to file substantive responses to the PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT (ECF No. 47).

On June 12, 2024, Mariner and Trans Union filed their substantive responses to Gonzalez's motion for partial summary judgment.[2]  In those responses, both Trans Union and Mariner conceded that it was not adequate to report Gonzalez as an obligor on the Mariner account in any way.  In sum, both Trans Union and Mariner conceded that the reports respecting Gonzalez (which are at the center of this lawsuit) are inaccurate.  Accordingly, partial summary judgment on that element of her claims is appropriate and will be granted.[3]

---

[2] MARINER FINANCE, LLC'S MEMORANDUM OF LAW IN RESPONSE TO PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT (ECF No. 93) and DEFENDANT TRANS UNION LLC'S RESPONSE TO PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT (ECF No. 94).

[3] Both Mariner and Trans Union posited some factual disputes, but none of them foreclose finding that the reporting was inadequate in that Gonzalez never applied for, agreed to be responsible for, authorized, used, signed, or in any way agreed to be an obligor on the Mariner account.

## CONCLUSION

For the foregoing reasons, the PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT (ECF No. 47) will be granted and judgment will be entered that the reporting respecting Gonzalez's account was inaccurate.

It is so ORDERED.

_____ /s/      REP

Robert E. Payne
Senior United States District Judge

Richmond, Virginia
Date: August 15, 2024

8